**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:01CR241** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAMES M. SPECHT,** | ) | **ORDER** |
| | ) | |
| **DEFENDANT.** | ) | |

On October 10, 2001, the Court sentenced Defendant to 39 months imprisonment, followed by 3 years supervised release, for passing counterfeit currency. Defendant's supervised release commenced on December 30, 2004.

On or about May 6, 2009, Defendant's probation officer submitted to the Court a Violation Report alleging two violations of the terms of Defendant's supervised release:

1. **New Law Violation** - On 03/15/2005, the offender was arrested for Drug Possession, Trafficking and Possession of Criminal Tools, (CR-05-465128-A). On 09/08/2005, the offender pled guilty to Count 2 - Trafficking with School Yard Spec (F-2) of the Indictment and was sentenced to 3 years at Lorain Correctional Institution with no early or judicial release consideration. A 3 year term of Post Release Control is allowed under this sentence. A $7,500.00 fine is imposed.

2. **New Law Violation -** On 06/15/2005, a warrant was issued in Canton Municipal Court on a charge of Grand Theft (F-4) Case number 2005CRFA03261, (Date of Offense - 05/11/2005). On 08/06/2007, the offender requested the case be resolved in absentia [sic]. On 01/30/2008, the Municipal case was dismissed and the offender was indicted in Stark County Court of Common Pleas, case number 2008CR0082. On 03/05/2008, the offender pled guilty and was sentenced to 1 year incarceration, consecutive with the Lorain County and Cuyahoga County sentences. Post Release control is imposed and $10,000 of restitution is payable to the victim.

    3. **New Law Violation** - On 03/01/2006, the offender was indicted for Theft (F-4) in Lorain County Court of Common Pleas, case number 06CR070100. On 10/05/2006, the offender pled guilty and was sentenced to 9 months in Lorain Correctional Institution, to be served consecutively to the current sentence. Post Release Control is optional up to 3 years.

    4. **Failure to Report Address Change** - On 5/18/2005, the offender's landlord called stating the offender packed his belongings and left her home without her knowledge on 5/17/2005. His whereabouts is[sic] are unknown.

    5. **Failure to Pay Restitution** - The offender has made no payment toward restitution or the special assessment. The balances remain at $6,730.00 and $400.00.

    6. **Failure to Participate in Mental Health Counseling** - The offender did not complete the psychological evaluation or appear for his initial counseling appointment.

    7. **Failure to Participate in Drug Counseling** - The offender has failed to attend drug counseling as ordered by the Court.

    The Court referred this matter to United States Magistrate Judge George J. Limbert to conduct the appropriate proceedings, except for sentencing, and issue a Report and Recommendation stating the Magistrate Judge's findings. In the Report and Recommendation the Magistrate Judge recommended that the Court find Defendant in violation of the terms of his supervised release because, at the hearing before the Magistrate Judge, the Defendant admitted to the alleged violations. (Dkt. # 18). The Magistrate Judge's Report and Recommendation is hereby **ADOPTED**.

    On May 13, 2009, the Defendant appeared before the Court for sentencing. The Court has considered the statutory maximum sentence of two years pursuant to 18 U.S.C. § 3583(e)(3). The Court has also considered the advisory policy statements set forth in Chapter

Seven of the United States Sentencing Guidelines prior to imposing sentence. The guideline range is 33-41 months pursuant to U.S.S.G. § 7B1.4(a). Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

After review of the documents, and full consideration of the statements of the Defendant, his counsel, and the U.S. Attorney, it is the **JUDGMENT** of this Court that the Defendant is hereby committed to the custody of the Bureau of Prisons for a term of twelve (12) months. No term of supervised release shall follow. Furthermore, the Defendant's remaining term of supervised release is hereby terminated.

In addition, the Court recommends that the Defendant be placed in a facility that is able to meet the needs of his chronic medical condition.

**IT IS SO ORDERED**.

                                           **/s/ Peter C. Economus – May 13, 2009**
                                           **PETER C. ECONOMUS**
                                           **UNITED STATES DISTRICT JUDGE**